## ATKINSON v. ATKINSON.

The right of a married woman to a homestead, to be assigned to her after her husband's death, is not impaired by her removal from the premises during his life.

Whether the widow is or is not in possession of all or part of the estate in which she is entitled to a homestead, she may maintain a petition for partition, and have her estate assigned to her in severalty.

No demand of a homestead is necessary to be made, to enable a widow to maintain her petition for the assignment of her homestead interest.

It is not a valid objection to a petition for the assignment of a homestead, that the petitioner has not an estate, but merely a right in the premises.

PETITION FOR PARTITION. The petitioner, Sally Atkinson, sets forth that she is the widow of Isaac Atkinson, deceased; that, during their intermarriage, they occupied a farm in Boscawen, in this county, on which the husband resided at his decease, and which is properly described in the petition; that, in consequence of the violence and ill usage of her husband, she left her husband and said farm, and commenced against him a libel for divorce, which was pending at his death; that, since his decease, she has been prevented from reöccupying said premises by the defendant, Bradley Atkinson, who is in possession, claiming under a deed of said Isaac, but that she has never released or waived her right thereto, and that she is

desirous of holding her share of said estate, and prays that partition may be made, and her homestead right set off to her.

The defendant, by several pleas, alleges (1.) that said Isaac, at no time during his life, had an estate or interest in the premises, and on this issue is joined; (2.) That the petitioner, of her own wrong, without any sufficient cause, abandoned her husband, and refused to cohabit with him, and abandoned the occupation of said premises from February 16, 1857, till his death; (3.) That the defendant did not hinder her occupation of the premises, but that she had been, and is, in the occupation of a large part thereof, to the value of over $500; and (4.) That the petitioner never demanded any partition of said premises, nor that a homestead should be assigned her.

To the three last pleas the petitioner demurred generally.

*Pike & Barnard*, for the petitioner.

*Minot & Mugridge*, for the defendant.

BELL, C. J.   It is urged that it was immaterial whether the petitioner was living with her husband or not, at his decease; she was still his wife, and her legal right to a homestead could not be waived. Her removal from the premises during her husband's life could not deprive her of her right, nor her continued absence after his death. It is inconsistent with the statute to allow a waiver of the homestead without deed.

By the terms of the statute, section 1, no conveyance or alienation, by the husband alone, can operate as a waiver or release of the wife's interest.   Such a conveyance may put a stranger in the actual occupation of the whole premises, occupied as a homestead, against the wishes and utmost opposition of the wife.   She is bound by duties to her husband, which require that she should accompany

him, if he chooses to change his residence. She has no effectual means of opposing his wishes in that respect. He may, of course, compel her to leave the homestead he has sold, and, upon his death, she has no means to recover possession but by recourse to legal proceedings. If her ultimate right to a homestead would be affected by a removal, thus forced upon her, the husband would have the power to put an end to her interest when he pleased, and the object of the statute would be defeated. If it would not, it would seem that no mere removal would operate as a waiver of her right.

Whether her removal would impair her right, after her homestead had been assigned to her, it is not necessary now to consider.

None of the facts alleged in the second plea constitute a bar to this petition. This question arose in another form, and was considered and decided in *Atkinson* v. *Atkinson*, 37 N. H. 436.

The plea that the petitionee does not hinder or prevent the occupation of her homestead by the petitioner, is immaterial. The object of her application is to define and limit her right, so that she may occupy her part in severalty. She has an equal right to ask the action of the court to assign her share to her, whether she is in possession or not. It would be a good defence to allege that, by an agreement of parties, a partition has been in fact made, and she was in possession under that partition; but nothing like that is pretended here. It would not be a defence that her dower had been assigned to her, and she was in possession of it, even though its value exceeded $500. For aught that appears, this is the whole substance and effect of this plea.

It has been urged that this plea is to be regarded as a confession, and judgment should be rendered upon it that partition be made; but we think it cannot be regarded as any otherwise a confession, than as every plea which

does not set up a good defence, is an implied admission of the cause of action. Upon a confession, judgment would be rendered for the petitioner, regardless of the other pleas, but upon such an implied admission judgment cannot be rendered unless there is no other sufficient plea.

The fourth plea raises the question, whether a request or demand to assign a homestead, is required before filing a petition for an assignment, by analogy to the law relative to the action for dower. And we find nothing in any of the statutes to justify such a requirement. It is a statute requirement in the case of dower, but it is not required in any other case of petition for partition. It does not seem to us to be necessary.

It is contended that this petition cannot be sustained, as a petition for partition, because the homestead right is merely inchoate, and not an estate in the premises, while a seizin in fact is necessary to sustain such a petition.

In the case of *Brown* v. *Brown*, 8 N. H. 93, it was held that a party, whose only interest is a remainder after an estate for life, cannot maintain a petition for partition. There is little similitude between such a remainder and an estate which entitles one to immediate possession, and which requires nothing but to be defined and marked out, to give a seizin in fact of the land. So it was held in *Whitten* v. *Whitten*, 36 N. H. 326, that a petition for partition could not be maintained by one whose only title is a right to enter for breach of a condition. After such an entry had been made, the claim of such a petitioner would resemble the interest of the petitioner here.

But in *Norris* v. *Moulton*, 34 N. H. 392, it was held that the widow, having an inchoate right, was entitled to have it assigned to her in severalty, and that the court of probate had power, by the statute, to make the assignment where the husband died seized of the whole premises ; and in *Atkinson* v. *Atkinson*, 37 N. H. 436, it was expressly held that the proceeding by petition for partition is the

appropriate remedy for a widow to obtain an assignment of her homestead right, against an assignee of the hus-. band. This question must, consequently, be regarded as settled here.

If this admitted a doubt, upon common law principles, still, it seems, it would be the duty of the court to allow the extension of the remedies furnished by the law in analogous cases, to cases arising under new statutes, which would otherwise be destitute of any appropriate remedy.

*Demurrer sustained.*